UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| DAVID BUESS, ) | CASE NO. 3:15 CV 17 |
| ) | |
| Petitioner, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| LISA SCAFIDE, et al., ) | AND ORDER |
| ) | |
| Respondents. ) | |

This *pro se* habeas corpus action was originally filed by David Buess in the United States District Court for the Eastern Division of New York. The case was transferred to this Court on the ground that the parties have no connection to New York and Petitioner resides within this District. The transfer Order notes that Petitioner has repeatedly filed frivolous and repetitive lawsuits in this Court, and he was recently warned that any more frivolous filings would result in an order enjoining him from filing new lawsuits. *See Buess v. Internal Revenue Service*, N.D. Ohio Case No. 3:14 CV 826, ECF No. 5.

The Petition in the instant case does not contain allegations which even remotely suggest a valid federal claim in habeas corpus or otherwise. Instead, consistent with his previous cases, Petitioner merely sets forth an abundance of incomprehensible legal rhetoric. As such, this case is subject to immediate dismissal. *See, Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999) (complaint may be summarily dismissed when claim is not arguably plausible).

Federal courts have both the inherent power and constitutional obligation to protect their

jurisdiction from conduct which impairs the ability to carry out Article III functions. *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986). Moreover, this Court has the responsibility to prevent litigants from unnecessarily encroaching on judicial machinery needed by others. *Id.* To achieve these ends, the United States Court of Appeals for the Sixth Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain leave of court before submitting additional filings. *Filipas v. Lemons*, 835 F.2d 1145 (6th Cir. 1987); *Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94-5453, 94-5593, 1995 WL 111480 (6th Cir. Mar. 15, 1995)(authorizing a court to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a)(citations omitted)).

Petitioner has established a pattern of filing pleadings which are patently frivolous and vexatious, and which appear calculated to harass this Court and abuse the judicial process. Accordingly, David Buess is permanently enjoined from filing any new lawsuits *or other documents* without seeking and obtaining leave in accordance with the following:

> 1. He must file a "Motion Pursuant to Court Order Seeking Leave to File" with any document he proposes to file and he must attach a copy of this Order to it (any such motion should be filed in a miscellaneous case).
>
> 2. As an exhibit to any motion seeking such leave, he must also attach a declaration which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (1) the document raises a new issue which has never been previously raised by him in this or any other court, (2) the claim or issue is not frivolous, and (3) the document is not filed in bad faith.
>
> 3. By means of a second exhibit, he must identify and list: (a) the full caption of each and every suit which has been previously filed by him or on his behalf in any court against each and every defendant in any new suit he wishes to file, and (b) the full caption of each and every suit which he has currently pending.
>
> 4. As a third exhibit to the motion, he must provide a copy of each complaint identified and listed in accordance with the foregoing paragraph 3 and a certified record of its disposition.

The Court may deny any motion for leave to file if the proposed document is frivolous, vexatious or harassing. If the motion is denied, the document shall not be filed. Further,

Petitioner's failure to comply with the terms of this Order shall be sufficient ground for this Court to deny any motion for leave to file, and may be considered an act of contempt for which he may be punished accordingly.

Further, to prevent further harassment of the Court by Petitioner and the waste of its limited resources, the Clerk's Office is instructed as follows:

(1)  Any document submitted by Buess prior to his obtaining leave to file shall not be filed unless it is <u>specifically identified</u> as a "Motion Pursuant to Court Order Seeking Leave to File," and unless it contains: 1) an affidavit or sworn declaration as required by this order; 2) a copy of this Memorandum of Opinion; and, 3) the exhibits required by this Memorandum of Opinion.

(2)  The Clerk's Office shall not accept any filing fees, cover sheets, in forma pauperis applications, summonses, or U.S. Marshal Forms, in connection with any Motion Pursuant to Court Order Seeking Leave to File which Buess files, unless and until leave is granted.

Accordingly, this action is dismissed.  The court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATED:  January 26, 2015